UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BILLS,

        Plaintiff,                     Case Number: 2:15-CV-11417
                                              HON. GERALD E. ROSEN

v.

K. ROMANOWSKI, ET AL.,

        Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

Pending before the Court is Plaintiff Ricky Bills' *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff's claims relate to an unfulfilled, prepaid order for pecan pie. Plaintiff seeks monetary and injunctive relief. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

**II.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was

2

deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.

Plaintiff's complaint concerns a dispute over a $ 9.50 pecan pie. He claims that, on July 7, 2013, $ 9.50 was deducted from his prison account to purchase a pecan pie through a prison fundraiser. On July 25, 2013, when Plaintiff was called to pick up his pecan pie, he was told that a German chocolate cake had been substituted for the pecan pie. Plaintiff did not want the cake and, instead, requested a refund. To date, according to Plaintiff, he has received neither the pecan pie nor the refund.

A prisoner has no constitutional right to purchase particular food items or to receive a refund when one item is substituted for another. *See Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) (finding no constitutional right to access to a prison snack shop); *Boultinghouse v. Herrington*, No. 2015 WL 1471039, *4 (W.D. Ky. March 31, 2015) ("[A]n inmate has no federal constitutional right to be able to purchase items from a commissary at a certain price."); *Sowemimo v. Thomas*, No. 09-639, 2009 WL 3806737, *5 (W.D. Pa. 2009) ("[T]he rule is that there is no federal Constitutional right to purchase items from a commissary."). This claim is essentially one for the loss of personal property, *i.e.*, the money spent on the pecan pie. A prisoner's claim for the loss of personal property fails to state a claim under § 1983 when the state provides an

3

adequate post-deprivation remedy. Plaintiff has not shown that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. Plaintiff has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). Thus, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief may be granted.

**SO ORDERED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 24, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135