UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BILLS,

           Plaintiff,           Case Number: 2:15-CV-11417
                                             HON. GERALD E. ROSEN

v.

K. ROMANOWSKI, ET AL.,

           Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

      This matter is presently before the Court on Plaintiff's Motion for Reconsideration of the Court's Order of Summary Dismissal.

      The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the

Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously

considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A .*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

    By application of the Local Rule and foregoing authorities, the Court will deny Plaintiff's Motion for Reconsideration. By this motion, Plaintiff is merely attempting to obtain a reversal of the Court's decision by presenting issues already ruled upon, if not expressly, at least, by reasonable implication. Plaintiff seeks reversal of the Court's summary dismissal of his § 1983 complaint. The Court summarily dismissed Plaintiff's complaint because his dispute about the substitution of a German chocolate cake for a pecan pie he had ordered through a prison fundraiser instead of being refunded the $9.50 he had paid did not present a

constitutional claim.

Plaintiff does not dispute that his claim is essentially one for the loss of personal property, *i.e.*, the $9.50 he spent on the pecan pie. As the Court explained in its August 24, 2015 Order, a prisoner's claim for the loss of personal property fails to state a claim under § 1983 when the state provides an adequate post-deprivation remedy. As was the case when the Court originally addressed this matter, Plaintiff has not shown in the present motion that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. Plaintiff has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). It was for these reasons that the Court determined that Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Plaintiff fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled. Therefore, the Court denies Plaintiff's request for reconsideration of this matter.

The Court will also deny leave to appeal this decision *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Supreme Court has interpreted "good faith" as stated in § 1915 as "not frivolous". *Coppedge v. United States*, 369

U.S. 438, 445-446 (1962). The Supreme Court has further defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989).

For the reasons stated in this Court's Opinion and Order of August 24, 2015, Petitioner's Section 1983 claims are factually and/or legally deficient. The Court, therefore, makes the finding that Plaintiff's claims are frivolous because they lack an arguable basis in law or fact. Accordingly, this Court determines that any appeal from the Court's decision would be frivolous and, therefore, hereby certifies that an appeal would not taken in good faith. Therefore, pursuant to 28 U.S.C. § 1915(a)(3), the Court determines that Plaintiff's appeal may not be taken *in forma pauperis*.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 8]** is DENIED. Leave to appeal this decision *in forma pauperis* is also DENIED.

                                           s/Gerald E. Rosen
                                           Chief Judge, United States District Court

Dated: September 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2015, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5135